## In re BRUCE.

Patent Appeal No. 2918.

Court of Customs and Patent Appeals.
March 28, 1932.

John Boyle, Jr., of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming the decision of the examiner rejecting all claims, four in number, of appellant's application for a patent on a claimed invention stated in the specification simply as "improvements in label," but which claims seem to relate to the application of labels to bundles of wood flooring, the labels being designed to indicate various characteristics of the wood, such as length, grade, and color.

Claim 1 appears to be typical: "1. A bundle of flooring having applied thereto a label having information imparting indicia as to the type, grade, and length of the wood, the said indicia being of different relative degrees of conspicuousness, the most conspicuous indicating the type of wood and the next indicating the grade of the wood."

The drawings filed show only three forms of label. No bundle of flooring is represented.

One of these label forms, which is illustrative of all, has upon it, in large type, the words "First Grade" with the words "Plain White" in smaller letters underneath. To the left of these words, upon a somewhat circular background, appears the name "Bruce," and to the right, in still larger type, is the numeral "7."

As we understand appellant's contention, when this label is applied to a bundle of flooring it indicates to the observer that that particular bundle contains pieces of flooring of the first grade, plain white in color, with the numeral indicating the length of the pieces. The name, we assume, indicates the manufacturer.

Broadly, the claims were rejected by the tribunals of the Patent Office upon the

ground, as stated by the examiner, "that no invention is involved in placing a sign, label or tag on anything."

The Board of Appeals said: "It is our view that it does not involve the exercise of invention to attach a label to a package of flooring for the purpose disclosed by appellant and we consider the particular means employed for indicating the various characteristics is merely a matter of choice rather than of invention."

In the statement of the examiner accompanying the appeal to the board, merely "as illustration of the common practice of using labels wherever desired," there was cited an illustrated advertisement of an express company, showing packages bearing labels indicating whether the shipping charges had been prepaid, or were to be collected on delivery.

It is noted that all the claims are article claims calling for "a bundle of flooring" having the described label applied thereto.

Appellant insists that each claim constitutes a combination claim and that: " * * * It is immaterial and moot whether or not either element of the combination is novel."

Numerous authorities are cited and quoted from to substantiate this principle. None of the cited cases, however, show facts analogous in any way, so far as we can see, to the facts presented in appellant's application.

Appellant further argues that the reference cited is not an anticipation. This may be true, in the technical sense that the claims do not read upon it, but it was not cited to show that they do. It was cited only for the purpose stated. Had the examiner and the board chosen to do so, they doubtless could have cited hundreds of labels applied to various kinds of packages to indicate in detail the contents of such packages.

We are unable to see wherein appellant has added any patentable concept to "the sum total of human knowledge" by simply attaching to a bundle of sawed lumber a label showing certain characteristics of the pieces which compose the bundle.

In our opinion, there is nothing patentably novel in the label; nothing, in any wise, novel in the bundle of flooring; nothing novel in putting the label on the bundle; and nothing novel or unobvious in the result obtained by the combination.

The decision of the Board of Appeals is affirmed.

Affirmed.